PER CURIAM.
This cause came before the Court for review of a Referee’s report recommending a public reprimand and payment of costs because of alleged violations of the Canons of Legal Ethics.
The complaint filed against Respondents contained two counts. The Referee found the Respondents guilty only of Count I which alleged that the Respondents communicated an offer to the former state attorney whereby criminal and civil charges initiated by Respondents’ client against the same' former state attorney would be dropped by the client if the former state attorney would arrange to have a federal narcotics charge against that same client transferred from federal to state court.
It is unnecessary to decide whether such offer constitutes improper plea bargaining since there is absolutely no evidence that the Respondents made the alleged offer. In fact, the attorney for the former state attorney readily admits that he, and not the Respondents, made such an offer.
During the course of the proceedings before the Referee, testimony over matters for which the Respondents were never charged was let in over the objection of the Respondents. Allegations were made that the Respondents contacted the former state attorney to report that they would provide information from “street people” concerning the person who had murdered a former county sheriff, provided the former state attorney would contact a federal judge on behalf of their client and recommend leniency. The record is replete with contradictions as to who initiated the original contacts and the content of the matter discussed therein. One of the contradictions suggests that the Respondents merely asked that in return for the use of their best efforts to find out who killed the sheriff, they would appreciate whatever the state attorney could do within the framework of the law to get probation for their client. Because Respondents were not charged with wrongdoing in regard to this matter, no determination was made by the Referee to resolve the conflict in the testimony. We do not think the Respondents should be reprimanded for wrongdoings for which they were never charged, nor found by the Referee to be guilty of committing.
We assume that this prosecution was not conducted by The Florida Bar because two young attorneys happened to utilize unconventional methods in defending what has been termed “hippy” clients. While conceding the unorthodoxy of their means, they are certainly not guilty of that *35 for which they are charged. Since there is no evidence to sustain the Referee’s finding that the Respondents communicated an offer to the former state attorney to drop pending charges in return for the transfer of the case from the federal to the state court, the finding is quashed and costs are assessed against The Florida Bar.
It is so ordered.
ADKINS, C. J., and BOYD, DEKLE and ERVIN (Retired), JJ., concur.
OVERTON, J., dissents with opinion.
ROBERTS and McCAIN, JJ., dissent.